UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE </br></br>WILLAMETTE COUNTRY MUSIC FESTIVAL, INC. (WCMF),</br>                Debtor. | Bankruptcy Case</br>No. 10-65982-fra7 |
| THOMAS A. HUNTSBERGER, Trustee</br></br>                Plaintiff,</br></br>   v.</br></br>ANNE M. HANKINS and WARREN WILLIAMSON, JR.</br></br>                Defendants. | Adversary Proceeding</br>No. 12-6103-fra |
| ANNE M. HANKINS,</br></br>                Cross-Claimant,</br></br>   v.</br></br>WARREN WILLIAMSON, JR.</br>                Cross-Defendant | MEMORANDUM OPINION |

Cross-Claimant Anne Hankins filed a motion for partial summary judgment against Cross-Defendant Warren Williamson, seeking a ruling that a settlement agreement approved by the bankruptcy court in the underlying Chapter 7 proceeding establishes Hankin's right to funds interpled by Plaintiff. Hankins' motion

Page 1 - Memorandum Opinion

will be granted.

## FACTS

An involuntary Chapter 7 proceeding was filed against WCMF on October 1, 2010 and an order for relief was entered on January 28, 2011. On January 6, 2011, prior to the entry for the order for relief, the alleged Debtor and Cross-Defendant Williamson, the Debtor's principal, filed a complaint for damages against Willamette Country Music Concerts, Inc. (WCMC) and Bi-Mart in the U.S. District Court for the District of Oregon, claiming trademark infringement and unfair competition. Upon his appointment as Chapter 7 trustee, Mr. Huntsberger succeeded as plaintiff in that litigation.

Following a settlement conference, the parties agreed to settle the District Court litigation, subject to approval by the Bankruptcy Court. Williamson objected to the proposed settlement. The Bankruptcy Court overruled the objection and confirmed the terms of the settlement. The Settlement Agreement provided, *inter alia*, that Hankins and WCMC pay to the plaintiff the sum of $175,000 and that Bi-Mart pay $25,000. Hankins was also directed to provide to the Trustee all information in her possession regarding creditors of the Debtor. After transfer of the agreed amounts, the Trustee would convey to WCMC all assets and property of the Chapter 7 bankruptcy estate, "whether tangible or intangible, real property or personal property," except for a $75,000 Trust Fund Gift claim held by the estate against a third party. Hankins and WCMC also indemnified the bankruptcy estate for certain claims by creditors exceeding $80,000 and the District Court lawsuit would be dismissed with prejudice.

Following the payment of claims of creditors and administrative expenses of the estate, the bankruptcy estate was left with approximately $30,000, to which both Williamson and Hankins claim an interest. The Trustee filed this interpleader action, depositing the funds with the bankruptcy court, and naming both Williamson and Hankins as Defendants. Williamson answered that he was the sole shareholder of the Debtor. Hankins answered and filed a cross claim against Williamson, alleging that she is entitled to 100% of the interpled funds under the terms of the Settlement Agreement (as the principal shareholder of WCMC), and alternatively claiming that she is entitled to 50% of the funds due to her equity position in the Debtor. Hankins filed the motion for summary judgment with respect to her claim that she is entitled to

Page 2 - Memorandum Opinion

100% of the interpled funds. She also submitted an Assignment of Proceeds from WCMC to herself, assigning all of WCMC's rights under the Settlement Agreement.

## SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Fed.R.Bankr.P. 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

## DISCUSSION

The terms of the Settlement Agreement approved by the Bankruptcy Court provide that the Trustee is to convey to

> Hankins and WCMC, free and clear of all liens and claims of creditors of WCMC pursuant to 11 U.S.C. § 363(f), all assets and property of the Chapter 7 bankruptcy estate of WCMF, whether tangible or intangible, real or personal property, [except for the Trust Fund Gift claim]. The assets and property conveyed to WCMC under this Agreement includes, but is not limited to, all claims asserted by WCMF in the Litigation.

Cross-Defendant Williamson did not file a response to the motion for summary judgment in order to

Page 3 - Memorandum Opinion

dispute any facts submitted by Hankins or to add any additional material facts. While the court is directed to view all facts and draw all inferences in the light most favorable to the nonmoving party when considering a motion for summary judgment, the wording of the Settlement Agreement is clear and does not provide for alternate inferences. Given the evidence presented with the motion and the lack of any response by the nonmoving party, the property of the estate which the Trustee is directed by the Settlement Agreement to convey to Hankins and WCMC encompasses the surplus funds subject to this interpleader.

## CONCLUSION

For the reasons given above, the motion for summary judgment filed by Cross-Claimant Hankins will be granted. Counsel for Ms. Hankins should submit to the court a form of order consistent herewith.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

Page 4 - Memorandum Opinion